UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

AHMED ELSAMADY,          )
                                  )
      Plaintiff,        )     Case No. 3:23-cv-00085-GFVT
                                  )
v.                             )
                                  )     **MEMORANDUM OPINION**
OLD REPUBLIC INSURANCE CO.,   )             **&**
                                  )     **ORDER**
      Defendant.    )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

A semi-truck hit Ahmed Elsamady while he was sitting in his parked car.  Then, the truck's insurer allegedly refused to settle Elsamady's claim.  Because the accident occurred in Kentucky, and because Elsamady states a claim under Kentucky's Unfair Claims Settlement Practices Act, Old Republic Insurance Company's Motion to Dismiss **[R. 4]** is **GRANTED IN PART AND DENIED IN PART**.

## I

In 2022, Mr. Elsamady (a Georgia resident) visited Shelby County, Kentucky.[1]  [R. 1-1 at 2–3.]  While sitting in his parked car, Elsamady was hit and seriously injured by a semi-truck. *Id.* at 3.  The offending vehicle is operated by USF Holland, LLC (a subsidiary of Yellow Corporation).  *Id.*  USF Holland, LLC and Yellow Corporation are insured by Old Republic Insurance, a Pennsylvania company.  *Id.* at 2–3.

Defendant Old Republic retained Sedgwick Claims Management Services to adjust Elsamady's claim.  *Id.* at 3.  According to Mr. Elsamady, the Defendant's insurance adjustors

---

[1] The facts recounted here are taken from Mr. Elsamady's Complaint.  [R. 1-1.]  At the 12(b)(6) stage, the Court presumes their truth while making reasonable inferences in the Plaintiff's favor.

never paid out.  *Id.* at 3–4.  Ultimately, Yellow Corporation and USF Holland, LLC filed for

bankruptcy.  *Id.*  Mr. Elsamady states that the Defendant and its adjustors acted in bad faith by

intentionally "dragg[ing] out the claims process and refus[ing] to respond to Plaintiff's

settlement demand in an effort to prolong the process long enough for the bankruptcy filing to

occur."  *Id.* at 5.  Elsamady brings a third-party bad faith claim against Old Republic under

Kentucky's Unfair Claims Settlement Practices Act (KUCSPA).  *Id.*; *see* Ky. Rev. Stat. Ann.  §

304.12-230.  He also appears to assert a common law bad faith claim.  Now, Defendant Old

Republic Insurance moves to dismiss the Complaint, asserting that the bad faith claim is

untenable because (1) Kentucky law does not apply and (2) Elsamady fails to state a claim.  [R.

4]; *see* Fed. R. Civ. P. 12(b)(6).

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiffs'

complaint.  Fed. R. Civ. P. 12(b)(6).  In reviewing a Rule 12(b)(6) motion, a court must

"construe the complaint in the light most favorable to the plaintiff, accept its allegations as true,

and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d

471, 476 (6th Cir. 2007).  However, a court "'need not accept as true legal conclusions or

unwarranted factual inferences.'"  *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th

Cir. 2000)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other

words, "[t]he factual allegations, assumed to be true, must do more than create speculation or

suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League

of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in

original) (citing *Twombly*, 550 U.S. at 555).[2]

## A

Because Elsamady is a Georgia resident, Old Republic urges the application of Georgia law. [R. 4-1.] When there is no conflict between states laws, Kentucky's substantive law applies. *Asher v. Unarco Material Handling, Inc.*, 737 F. Supp. 2d 662, 667–68 (E.D. Ky. 2010). However, when a conflict exists, a federal court sitting in diversity "look[s] to the conflict of laws rules in the forum state, in this case, Kentucky." *Id.*; s*ee Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

"At the outset, a strong preference exists in Kentucky for applying Kentucky law." *Asher*, 737 F. Supp. 2d at 667; *see Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000). Indeed, Kentucky courts "appl[y] Kentucky substantive law *whenever possible*." *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 1983) (emphasis in original).

## 1

Kentucky's choice of law rules "depend[] upon the classification of a claim as either sounding in tort or in contract." *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700, 707 (W.D. Ky. 2013). In tort actions, "'*any* significant contact with Kentucky is sufficient to allow an application of Kentucky law.'" *Mem'l Hall Museum, Inc. v. Cunningham*, 455 F. Supp. 3d 347, 358 (W.D. Ky. 2020) (quoting *Reichwein v. Jackson Purchase Energy Corp.*, 397 S.W.3d 413, 416 (Ky. App. 2012)). Courts assessing whether there are sufficient contacts with Kentucky consider: "(1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence or place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered." *Petro v. Jones*, No.

---

[2] The Plaintiff has also requested oral argument. [R. 6.] Because the Court does not find oral argument to be necessary, it will deny the request.

CIV. 11-151-GFVT, 2013 WL 756756, at *8 (E.D. Ky. Feb. 27, 2013) (citing Restatement

(Second) of Conflicts § 145).  Conversely, when the underlying claim sounds in contract, courts

use the "most significant relationship" test.  *Saleba v. Schrand*, 300 S.W.3d 177, 181 (Ky. 2009);

*Miller Truck Lines, LLC v. Cent. Refrigerated Serv., Inc.*, 781 F. Supp. 2d 488, 491 (W.D. Ky.

2011).

## 2

First, there appears to be a conflict of law.  Although Georgia recognizes a third-party

bad faith claim in limited circumstances, its protections are not coextensive with Kentucky's.

*Compare Equipco Int'l, LLC v. Certain Underwriters at Lloyd's, London*, 739 S.E.2d 797, 800

(Ga. Ct. App. 2013) (explaining that third-parties may bring bad faith claims in the context of

motor vehicle liability insurance policies and remarking that the applicable statute should be

construed "narrowly"), *with Belt v. Cincinnati Ins. Co.*, 664 S.W.3d 524, 532 (Ky. 2022), *reh'g

denied* (Mar. 23, 2023) (suggesting that a third-party bad faith claim may be brought against "an

insurance company" generally and applying the elements of the claim outside the context of a

motor vehicle liability policy).  Accordingly, the Court proceeds to apply Kentucky's choice of

law rules.

### a

Both parties agree that the bad faith claim sounds in tort.  [R. 6 at 3; R. 4-1 at 6–7.]  The

Court concurs with the parties.  The Supreme Court of Kentucky has strongly suggested that a

third-party bad faith claim is a tort claim.  *See Belt*, 664 S.W.3d at 531–32; *Hollaway v. Direct

Gen. Ins. Co. of Miss., Inc.*, 497 S.W.3d 733, 739 (Ky. 2016) ("KUCSPA requires plaintiffs to

prove that an insurer's actions during resolution of the claim were outrageous, or because of the

defendant's reckless indifference to the rights of others.").  Additional authority supports this

conclusion.  *See* 86 C.J.S. Torts § 5 ("A party's assumption of a contractual duty may create a corollary or incidental tort duty in favor of third persons."); *Ennes v. H & R Block E. Tax Servs., Inc.*, No. CIV.A.3:01CV-447-H, 2002 WL 226345, at *2 (W.D. Ky. Jan. 11, 2002) (surmising that the tort of bad faith arises out of "a duty to act in good faith that is imposed by the common law, not by the terms of the contract"); *cf. James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F. Supp. 2d 807, 815–16 (E.D. Ky. 2013) ("Bad faith is generally described as 'an intentional tort which results from a breach of the implied contractual duty of good faith and fair dealing.'") (internal citation omitted).  This conclusion is consistent with authority from other jurisdictions.  *See Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117–18 (6th Cir. 1976) (applying Ohio law).[3]

**b**

Here, choice of law rules counsel in favor of applying Kentucky law.  Generally, "[t]he occurrence of an accident in Kentucky is, by itself, sufficient to justify application of Kentucky law."  *Harris Corp.*, 712 F.2d at 1071; *see Arnett v. Thompson*, 433 S.W.2d 109, 112–14 (Ky. 1968) (Kentucky law applied to Ohio parties in suit over Kentucky automobile accident); *see also id.* at 113 ("The fact that we will apply Kentucky law where Kentucky people have an accident in Ohio or Indiana does not require that we apply Ohio or Indiana law where people of one of those states have an accident here[.]").

---

[3] Notably, this Court has previously surmised that a *first party* bad faith claim is likely a contract claim.  *Petro v. Jones*, No. CIV. 11-151-GFVT, 2013 WL 756756, at *8 (E.D. Ky. Feb. 27, 2013) (reasoning that "the Kentucky Supreme Court [has] implicitly supported the view that bad faith claims arise out of the insurance policy").  However, that unreported decision was rendered prior to the Supreme Court of Kentucky's holding in *Belt*.  Further, *Petro*'s holding was confined to *first party* bad faith claims.

Here, the accident occurred in Kentucky.  True, the alleged injury in this case is the

denial of benefits (as opposed to the accident, itself).  Still, Kentucky's "provincial" choice-of-

law tendencies apply with full force.  *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 391 (6th

Cir. 2000).  The conduct precipitating the injury occurred in Kentucky.  And Kentucky is the

place where the relationship between the parties centers.  *See Petro*, 2013 WL 756756, at *8.

Old Republic resists this conclusion, emphasizing that (1) neither party is a Kentucky

resident; and (2) the relevant policy is issued from a Pennsylvania company to a Kansas insured.[4]

[*See* R. 4-2 (policy declarations page)];) *Taylor v. Univ. of the Cumberlands*, No. 6:16-CV-109-

GFVT, 2017 WL 512643, at *4 (E.D. Ky. Feb. 7, 2017) ("[T]he Sixth Circuit has held that when

a *defendant* attaches undisputed documents to a motion to dismiss, they 'are considered part of

the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'")

(emphasis in original) (internal citation omitted).  But those facts do not change the outcome

here.

"If this were a contract action, [Old Republic] would be correct that the law of the state

with the greatest interest in the outcome of the litigation should be applied."  *Reichwein v.

Jackson Purchase Energy Corp.*, 397 S.W.3d 413, 416 (Ky. Ct. App. 2012) (quoting *Petronis v.

Churchill Downs, Inc.*, 2005–CA–001925–MR, 2007 WL 1520018, at *2 (Ky. Ct. App. May 25,

2007)).  "However, as a tort action, Kentucky case law clearly holds that any significant contact

with Kentucky is sufficient to allow an application of Kentucky law."  *Id.*  Accordingly, the fact

that the accident occurred in Kentucky is sufficient to justify applying Kentucky law.  *See

Petronis*, 2007 WL 1520018, *2–3 (Kentucky accident constituted "significant contact" in tort

---

[4] Although Defendant's brief makes reference to Kentucky's long arm statute, Defendant does not appear to seek dismissal under Rule 12(b)(2).

action by New York resident covered under New York workers' compensation policy); *cf. State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988) ("[The KUCSPA] is intended to protect the public from unfair trade practices and fraud.  It should be liberally construed so as to effectuate its purpose.").

### B

In the alternative, Old Republic contends that Elsamady fails to state a third-party bad faith claim.  [R. 4-1.]  Kentucky Revised Statute § 304.12-230 prevents, inter alia, "failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies" and "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."  §§ 304.12-230(3), (6). "Although the KUCSPA provides a list of improper practices, the offenses listed are merely 'technical violations.'"  *Belt*, 664 S.W.3d at 531 (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)).  A technical violation does not rise to the level of bad faith; "[i]nstead, a showing of intentional misconduct or reckless disregard of the rights of an insured is a prerequisite to the submission of a KUCSPA [] claim and a jury instruction on punitive damages."  *Id.* at 531–32.

> In *Wittmer v. Jones*, [The Supreme Court of Kentucky] clarified the appropriate elements of both statutory and common law first-and third-party bad-faith claims: [A]n insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Id.* at 532.

Elsamady's Complaint asserts that he was hit by a commercial vehicle while sitting in his parked car.  [R. 1-1 at 3.]  Although he does not expressly say so, the Court will make the reasonable inference that Elsamady was parked in a designated parking spot (and not, for

example, in the middle of a busy street). *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (explaining that, on 12(b)(6) review, a court should "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff").

Taking these allegations in the light most favorable to Elsamady, he states a claim.  It is tough to see how a parked driver could be at fault for such a collision.  Further, Elsamady alleges that the Defendant intentionally ignored him for the purpose of dragging out the process "long enough for the bankruptcy filing to occur."  Accordingly, Elsamady at least alleges that Old Republic was obligated to pay the claim, lacked a reasonable basis for denying the claim, and acted with reckless disregard for whether there was a reasonable basis to deny the claim. Summary dismissal of Mr. Elsamady's statutory bad faith claim would therefore be inappropriate.

However, to the extent Elsamady purports to bring a common law third-party bad faith claim, that claim fails as a matter of law.  "[A] third-party common-law bad-faith claim arises only when the insured has assigned her contractual rights to the third-party plaintiff."  *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 531 (6th Cir. 2006) (citing *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 451 (Ky. 1997), *as modified* (Feb. 18, 1999), *and holding modified by Hollaway v. Direct Gen. Ins. Co. of Miss., Inc.*, 497 S.W.3d 733 (Ky. 2016)).  Because Elsamady does not allege an assignment of rights, the Court will dismiss any common law third party bad faith claim.  *See id.* ("The district court correctly dismissed Rawe's third-party common-law bad-faith claim as a matter of law, because the pleadings do not allege that [] the insured under the bodily injury policy[] ever assigned his rights under the policy to Rawe.").

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Motion to Dismiss **[R. 4]** is **GRANTED IN PART AND DENIED IN PART;**

2. The request to dismiss Plaintiff's statutory claim is **DENIED**;

3. The request to dismiss any common law claim is **GRANTED;** and

4. Any common-law third-party bad faith claim is **DISMISSED.**

This the 27th day of August, 2024.

Gregory F. Van Tatenhove
United States District Judge

9